UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ALBERT E. BANKS, JR.** | : | **DOCKET NO. 22-CV-05707** |
| | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **JOSHUA CRADDOCK, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint [doc. 1] filed pursuant to 42 U.S.C. § 1983 by plaintiff Albert E. Banks, Jr., who is proceeding *pro se* and *in forma pauperis* in this matter. Banks is incarcerated at the Jefferson County Correctional Facility in Beaumont, Texas, but the claims raised herein arise out of a traffic stop that took place in Cameron, Louisiana.

**I.**
**BACKGROUND**

This is the second suit filed by plaintiff in this Court in connection with a traffic stop that took place on March 5, 2021, in Cameron, Louisiana. In the first suit, filed on March 14, 2022, plaintiff conceded that charges against him in connection with the traffic stop were still pending in Cameron Parish and, as such, his motion to voluntarily dismiss his suit was granted and the matter was dismissed without prejudice. *Banks v. Craddock, et al*, Civil Action No. 2:22-cv-697.

While the present suit does not specify whether or not the charges related to the traffic stop at issue are still pending, Banks refers to himself as a "pre-trial detainee" who is "currently confined at the Jefferson County Correctional Facility in Beaumont, Texas." Doc 1., p. 5.

He asks this Court to award monetary damages for every day he has spent incarcerated, as well as ordering that all pending charges be expunged from his record. *Id*. at p. 13.

## II.
## LAW AND ANALYSIS

### A. Frivolity Review

Banks has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.,* 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained

of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. *Heck v. Humphrey*

If a favorable judgment would necessarily imply the invalidity of a prisoner's conviction or the length of his confinement, a civil rights action seeking monetary damages related to that conviction cannot be raised until the conviction has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a collateral proceeding or by the issuance of a federal writ of habeas corpus. *See Heck v. Humphrey*, 114 S.Ct. 2364 (1994). In order to recover damages based upon an allegedly unconstitutional conviction, the plaintiff must demonstrate that his conviction has been overturned or declared invalid. 512 U.S. at 486-87. *Heck* also applies where a plaintiff seeks injunctive relief which, if granted, would necessarily imply that a conviction is invalid. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (a prisoner's civil rights action is barred, no matter what relief is sought, if success would necessarily demonstrate the invalidity of a criminal conviction).

As plaintiff has not alleged that his conviction has been overturned or otherwise declared to be invalid, he has failed to state a claim upon which relief may be granted.

### III.
### CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that the instant suit be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and

Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

    THUS DONE AND SIGNED in Chambers this 18th day of January, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE