UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ALBERT E. BANKS, JR.** | **DOCKET NO. 2:22-CV-05707**<br>**SECTION P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **JOSHUA CRADDOCK, ET AL** | **MAGISTRATE JUDGE LEBLANC** |

### REPORT AND RECOMMENDATION

Before the Court are the original and amended civil rights complaints (docs. 1, 27) filed pursuant to 42 U.S.C. § 1983 by plaintiff Albert E. Banks, Jr., who is proceeding *pro se* and *in forma pauperis* in this matter. The Court, as ordered by the United States Fifth Circuit Court of Appeals (doc. 20), also considers the claims raised in plaintiff's objection (doc. 13) to its January 18, 2023 Report and Recommendation (doc. 9).

At the time the suit was filed, plaintiff was incarcerated at the Jefferson County Correctional Facility in Beaumont, Texas, but his claims arise out of a traffic stop that took place in Cameron, Louisiana, located in the Western District of Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.

I. **BACKGROUND**

Albert E. Banks, Jr., former pretrial detainee # 233288 at the Jefferson County Correctional Facility, filed a *pro se* and *in forma pauperis* 42 U.S.C. § 1983 suit. His claims stem from a traffic stop that took place in March 2021 in Cameron, Louisiana. He asserted that the arresting and investigating officers committed various constitutional violations and that he is therefore entitled to money damages and declaratory and injunctive relief.

On January 18, 2023, this court recommended dismissing the suit, finding it was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), as the underlying criminal charges were still pending in state court. In his objection to the report and recommendation, the plaintiff alleged that the criminal charges arising from the traffic stop were dismissed prior to trial because of insufficient evidence. Doc. 12. On appeal, the Fifth Circuit determined that the claim raised in the objections would have been sufficient to prevent dismissal of the action based on *Heck* and, in adopting the undersigned's report and recommendation without considering the plaintiff's objection, the district court abused its discretion in not giving Banks the chance to amend his suit and by failing to consider the allegation in ruling on his objections. Doc. 20. Accordingly, the court's judgment was vacated, and the matter was remanded for further proceedings. *Id*. The district judge referred the matter to the undersigned for second review under 28 U.S.C. § 1915(e)(2) to determine if service of the complaint is appropriate. Doc. 21.

Plaintiff makes allegations of constitutional violations related to the March 5, 2021, arrest made while he was traveling west on Louisiana Highway 82 from Port Arthur, Texas, to visit a friend in Cameron, Louisiana. Doc. 1, p. 5. He names as defendants Cameron Parish Sheriff's Deputy Joshua Craddock and "Deputy Hicks," as well as the Cameron Parish Sheriff's Office.

The claims against Craddock and Hicks are addressed in a separate order.

II.   **LAW AND ANALYSIS**

Banks has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.,* 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

The Cameron Parish Sheriff's Office is not a proper party or legal entity capable of suing or being sued under § 1983. Under Federal Rule of Civil Procedure 17(b), Louisiana law governs whether a sheriff's office has the capacity to sue or be sued. To possess such a capacity under Louisiana law, an entity must qualify as a "juridical person," which is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24. The State of Louisiana grants no such legal status to any parish sheriff's office. *Liberty Mut. Ins. Co. v. Grant Par. Sheriff's Dep't,* 350 So.2d 236 (La. App. 3d Cir. 1977). The parish sheriff's offices in Louisiana are not legal entities capable of suing or being sued. *Porche v. St. Tammany Par. Sheriff's Off.*, 67 F. Supp. 2d 631, 635 (E.D. La. 1999) (citing *Liberty Mut. Ins. Co.*, 350 So.2d at 238; *Ruggiero v. Litchfield*, 700 F. Supp. 863, 965 (M.D. La. 1988)). Accordingly, the Cameron Parish Sheriff's Office is not a juridical entity or a person capable of being sued and should be dismissed from this suit.

### III.   CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that the Cameron Parish Sheriff's Office be **DISMISSED WITH PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 15th day of October, 2025.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE